JOSHUA M. MASUR (Pro Hac Vice)
BRIAN J. BECK (Pro Hac Vice)
ROBERT A. MANDEL, SBN 022936
**ZUBER LAWLER LLP**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: +1 (602) 610-1944
Fax: +1 (213) 596-5621
rmandel@zuberlawler.com
tdancer@zuberlawler.com
*Attorneys for Defendant Capna Intellectual, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Bloom Master Fund I, LLC, a Delaware limited liability company,<br><br>*Plaintiff*,<br><br>v.<br><br>Capna Intellectual, Inc., a California corporation, and Tierra Grow Management, LLC, an Arizona limited liability company,<br><br>*Defendants*. | Case No. 2:21-CV-01116-DJH<br><br>**DEFENDANT CAPNA INTELLECTUAL'S ANSWER TO VERIFIED COMPLAINT**<br><br>**AND**<br><br>**COUNTERCLAIM OF CAPNA INTELLECTUAL**<br><br>(Assigned to Hon. Diane J. Humetewa) |

Pursuant Defendant Capna Intellectual Inc. ("Capna"), for its Answer to Bloom Master Fund I, LLC's ("Plaintiff") Verified Complaint (the "Complaint"), and for its Counterclaim against Plaintiff, asserts as follows:

### PRELIMINARY STATEMENT

1.     Capna denies the allegations of ¶ 1 of the Complaint, except admits that Plaintiff attempts to assert federal claims of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and that this district

court has federal question jurisdiction over such claims and supplemental jurisdiction over the ancillary state law claims of registered trademark infringement, common law trademark infringement, and unfair competition, and respectfully avers that:

(a)     Capna began doing business under the BLOOM brand in 2014,

(b)     Capna is the assignee of all rights in Federal Trademark Registration No. 4,490,588 (the "Federally Registered Bloom Mark"), which was first used in commerce on October 1, 2012,

(c)     the registration for the Federally Registered Bloom Mark issued on March 4, 2014,

(d)     all rights in the registration were assigned to Capna on December 21, 2016,

(e)     Capna registered its BLOOM Design Mark with the Arizona Secretary of State (the "Registered BLOOM Design Mark") and the registration number for Capna's mark is 9222730, *i.e.*, on May 18, 2021, Capna filed its application to register the Registered BLOOM Design Mark, based on a first use of September 14, 2014, and a first use in Arizona of April 28, 2021, and

(f)     Capna's BLOOM logo is a sans-serif "BLOOM" with the O's intersecting, and the intersection colored red, as shown below:

# BLOOM™

2.    Capna admits the allegations of ¶ 2 of the Complaint.

**PARTIES, VENUE, AND JURISDICTION**

3.    Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 3 of the Complaint and therefore denies the allegations at that basis.

4.    Capna admits the allegations of ¶ 4 of the Complaint.

5.    Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 5 of  the Complaint and therefore denies the allegations on that basis.

6.    Capna admits that jurisdiction and venue are proper in this federal district court.

7.    Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 7 of this Complaint and therefore denies the allegations on that basis, and respectfully avers that, unlike the state courts of Arizona, this federal district court does not assign cases to tiers based upon case characteristics.

**FACTS**

8.    Capna denies the allegations of ¶ 8 of the Complaint.

0005-1030 / 1837081.2
Case No. CV
CAPNA'S ANSWER AND COUNTERCLAIM

9.    Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 9 of the Complaint and therefore denies the allegations on that basis.

10.    Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 10 of the Complaint and therefore denies the allegations on that basis.

11.    Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 11 of the Complaint and therefore denies the allegations on that basis.

12.    Capna denies the allegations of ¶ 12 of the Complaint, except admits that Plaintiff has filed registrations with the Arizona Secretary of State for the marks "bloom," "bloom cannabis," "bloom dispensary," and "bloom dispensaries" in all lower-case letters, and further denies that any of these registrations are valid.

13.    Capna denies the allegations of ¶ 13 of the Complaint, except admits that the Arizona registration number for Plaintiff's "bloom" (all lower case) registration is 9228756.

14.    Capna denies the allegations of ¶ 14 of the Complaint, except admits that the Arizona registration number for Plaintiff's "bloom cannabis" (all lower case) registration is 9228764.

15.    Capna denies the allegations of ¶ 15 of the Complaint.

16.    Capna denies the allegations of ¶ 16 of the Complaint, except admits that the Arizona registration number for Plaintiff's "bloom dispensaries" (all lower case) registration is 9228769.

17.     Capna denies the allegations of ¶ 17 of the Complaint, except admits that Plaintiff has filed registrations with the Arizona Secretary of State for marks containing the words "bloom," "bloom cannabis," "bloom dispensary," and "bloom dispensaries" in all lower-case letters, in which the double 'o' in "bloom" is depicted as an orange lemniscate, and the remaining letters are depicted in black, and further denies that any of these registrations are valid.

18.     Capna denies the allegations of ¶ 18 of the Complaint, except admits that the Arizona registration number for Plaintiff's mark consisting of the literal element "bloom" in lower case letters, in which the double 'o' in "bloom" is depicted as an orange lemniscate, and the remaining letters in the word "bloom" are depicted in black, is 9228480.

19.     Capna denies the allegations of ¶ 19 of the Complaint, except admits that the Arizona registration number for Plaintiff's mark consisting of the literal element "bloom cannabis" in lower case letters, in which the double 'o' in "bloom" is depicted as an orange lemniscate, and the remaining letters in the word "bloom" are depicted in black, is 9228482.

20.     Capna denies the allegations of ¶ 20 of the Complaint, except admits that the Arizona registration number for Plaintiff's mark consisting of the literal element "bloom dispensary" in lower case letters, in which the double 'o' in "bloom" is depicted as an orange lemniscate, and the remaining letters in the word "bloom" are depicted in black, is 9228485.

21.     Capna denies the allegations of ¶ 21 of the Complaint, except admits that the Arizona registration number for Plaintiff's mark consisting of the literal

element "bloom dispensaries" in lower case letters, in which the double 'o' in "bloom" is depicted as an orange lemniscate, and the remaining letters in the word "bloom" are depicted in black, is 9228484.

22.    Capna admits the allegations of ¶ 22 of the Complaint, except denies that the registrations described in paragraphs ¶¶ 17-21 are accurately described under Arizona trademark law as "special character marks."

23.    Capna denies the allegations of ¶ 23 of the Complaint.

24.    Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 24 of the Complaint and therefore denies the allegations on that basis.

25.    Capna denies the allegations of ¶ 25 of the Complaint.

26.    Capna denies the allegations of ¶ 26 of the Complaint.

27.    Capna denies the allegations of ¶ 27 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the veracity of the allegations pertaining to Plaintiff's "expend[iture] [of] substantial time, money, and resources marketing, advertising, and promoting" its "goods" and therefore denies the referenced allegations on that basis.

28.    Capna denies the allegations of ¶ 28 of the Complaint.

29.    Capna denies the allegations of ¶ 29 of the Complaint.

30.    Capna denies the allegations of ¶ 30 of the Complaint.

31.    Capna denies the allegations of ¶ 31 of the Complaint.

32.     Capna denies the allegations of ¶ 32 of the Complaint, except admits that certain types of products bearing its federal and state registered trademark BLOOM contain cannabis and are sold in Arizona and other states.

33.     Capna denies the allegations of ¶ 33 of the Complaint.

34.     Capna denies the allegations of ¶ 34 of the Complaint.

35.     Capna denies the allegations of ¶ 35 of the Complaint and respectfully avers that a lemniscate is defined as a figure-eight shaped curve whose equation in polar coordinates is $\rho^2 = a^2 \cos 2\theta$ or $\rho^2 = a^2 \sin 2\theta$.

36.     Capna denies the allegations of ¶ 36 of the Complaint.

37.     Capna denies the allegations of ¶ 37 of the Complaint and respectfully refers the Court to the averments of ¶ 1 of this Answer, which it incorporates herein by reference, and to Exhibit 2 of the Complaint.

38.     Capna denies the allegations of ¶ 38 of the Complaint and respectfully refers the Court to the averments of ¶ 1 of this Answer, which it incorporates herein by reference.

39.     Capna denies the allegations of ¶ 39 of the Complaint, except admits that certain types of products bearing its federal and state registered trademark BLOOM contain cannabis and are sold in Arizona and other states.

40.     Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 40 of the Complaint and therefore denies the allegations on that basis.

41.   Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 41 of the Complaint and therefore denies the allegations on that basis.

42.   Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 42 of the Complaint and therefore denies the allegations on that basis.

43.   Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 43 of the Complaint and therefore denies the allegations on that basis.

44.   Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 44 of the Complaint and therefore denies the allegations on that basis, except respectfully avers that the goods that are sold in Arizona bearing its federal and state registered trademark BLOOM are premium products of the highest quality.

45.   Capna denies the allegations of ¶ 45 of the Complaint, except admits that Plaintiff's counsel sent a cease and desist letter to Capna addressing Capna's use of Capna's trademark BLOOM and respectfully avers that the "objections" set forth therein are meritless.

46.   Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 46 of the Complaint and therefore denies the allegations on that basis, and respectfully avers that the "demands set out in Plaintiff's cease and desist letter" are baseless.

47.   Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 47 of the Complaint and therefore denies the allegations on that basis.

48.   Capna denies the allegations of ¶ 48 of the Complaint.

49.   Capna lacks knowledge or information sufficient to form a belief as to the veracity of the allegations of ¶ 49 of the Complaint and therefore denies the allegations on that basis.

50.   Capna denies the allegations of ¶ 50 of the Complaint.

51.   Capna denies the allegations of ¶ 51 of the Complaint.

## COUNT ONE

### (Federal Common Law Trademark Infringement)

52.   Capna repeats and reasserts its answers to the allegations of ¶¶ 1 – 51 of the Complaint as if fully set forth herein.

53.   Capna denies the allegations of ¶ 53 of the Complaint.

54.   Capna denies the allegations of ¶ 54 of the Complaint.

55.   Capna denies the allegations of ¶ 55 of the Complaint.

56.   Capna denies the allegations of ¶ 56 of the Complaint.

57.   Capna denies the allegations of ¶ 57 of the Complaint.

## COUNT TWO

### (Federal Unfair Competition)

58.   Capna repeats and reasserts its answers to the allegations of ¶¶ 1 – 58 of the Complaint as if fully set forth herein.

59.   Capna denies the allegations of ¶ 59 of the Complaint.

60. Capna denies the allegations of ¶ 60 of the Complaint.

61. Capna denies the allegations of ¶ 61 of the Complaint.

62. Capna denies the allegations of ¶ 62 of the Complaint.

63. Capna denies the allegations of ¶ 63 of the Complaint.

64. Capna denies the allegations of ¶ 64 of the Complaint.

## COUNT THREE

### (Arizona Registered Trademark Infringement)

65. Capna repeats and reasserts its answers to the allegations of ¶¶  1 – 64 of the Complaint as if fully set forth herein.

66. Capna denies the allegations of ¶ 66 of the Complaint and respectfully refers the Court to the referenced statutory provision for its content.

67. Capna denies the allegations of ¶ 67 of the Complaint and respectfully refers the Court to the referenced statutory provision for its content.

68. Capna denies the allegations of ¶ 68 of the Complaint and respectfully refers the Court to the referenced case law for its content.

69. Capna denies the allegations of ¶ 69 of the Complaint.

70. Capna denies the allegations of ¶ 70 of the Complaint.

71. Capna denies the allegations of ¶ 71 of the Complaint.

72. Capna denies the allegations of ¶ 72 of the Complaint.

73. Capna denies the allegations of ¶ 73 of the Complaint.

74. Capna denies the allegations of ¶ 74 of the Complaint.

75. Capna denies the allegations of ¶ 75 of the Complaint.

76. Capna denies the allegations of ¶ 76 of the Complaint.

77.    Capna denies the allegations of ¶ 77 of the Complaint.

78.    Capna denies the allegations of ¶ 78 of the Complaint.

## COUNT FOUR

## (Arizona Common Law Trademark Infringement)

79.    Capna repeats and reasserts its answers to the allegations of ¶¶ 1 – 78 of the Complaint as if fully set forth herein.

80.    Capna denies the allegations of ¶ 80 of the Complaint.

81.    Capna denies the allegations of ¶ 81 of the Complaint.

## COUNT FIVE

## (Unfair Competition)

82.    Capna repeats and reasserts its answers to the allegations of ¶¶ 1 – 81 of the Complaint as if fully set forth herein.

83.    Capna denies the allegations of ¶ 83 of the Complaint and respectfully refers the Court to the referenced case law for its content.

84.    Capna denies the allegations of ¶ 84 of the Complaint and respectfully refers the Court to the referenced case law for its content.

85.    Capna denies the allegations of ¶ 85 of the Complaint.

86.    Capna denies the allegations of ¶ 86 of the Complaint.

87.    Capna denies the allegations of ¶ 87 of the Complaint.

88.    Capna denies the allegations of ¶ 88 of the Complaint.

89.    Capna denies the allegations of ¶ 89 of the Complaint.

90.    Capna denies the allegations of ¶ 90 of the Complaint.

91.    Capna denies the allegations of ¶ 91 of the Complaint.

92.    Capna denies the allegations of ¶ 92 of the Complaint.

93.    Capna denies the allegations of ¶ 93 of the Complaint.

94.    Any allegation of the Complaint that is not specifically admitted in this Answer is denied.

### FURTHER ANSWER AND AFFIRMATIVE DEFENSES

95.    By way of further Answer and for its affirmative defenses, Capna denies that it is liable to Plaintiff on any of the claims alleged in the Complaint and denies that Plaintiff is entitled to monetary damages, disgorgement of profits, treble or punitive damages, equitable relief including without limitation a temporary restraining order, preliminary injunction, or permanent injunction, attorneys' fees, costs, pre-judgment interest, or to any other relief whatsoever, whether or not demanded explicitly in the Complaint, and further asserts as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

96.    The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

97.    Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement)

98.    Capna has not infringed any applicable trademarks under federal or Arizona law.

## FOURTH AFFIRMATIVE DEFENSE

## (No Causation)

99.    Plaintiff's claims against Capna are barred because Plaintiff's damages, if any, were not caused by Capna.

## FIFTH AFFIRMATIVE DEFENSE

## (No Damage)

100.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Capna in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## SIXTH AFFIRMATIVE DEFENSE

## (Lack of Irreparable Harm)

101.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it has or will suffer any irreparable harm from Capna's actions.

## SEVENTH AFFIRMATIVE DEFENSE

## (Adequacy of Remedy at Law)

102.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages, and, accordingly, Plaintiff has a complete and adequate remedy at law is not entitled to equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE

## (Waiver, Acquiescence, and Estoppel)

103.    Each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

104.   The claims asserted in the Complaint are barred, in whole or in part, because of failure to mitigate damages, if such damages exist.

## TENTH AFFIRMATIVE DEFENSE

### (Prior State Registration)

105.   Plaintiff's registered trademarks cannot be enforced against Capna because Capna registered its mark in Arizona before Plaintiff registered its marks.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

106.   Plaintiff's Arizona registered and/or common law trademarks are unenforceable because they enroach on Capna's federal trademark rights.

## TWELFTH AFFIRMATIVE DEFENSE

### (Invalidity of State Trademark Registrations)

107.    Plaintiff's trademark registrations in Arizona are invalid under A.R.S. § 44-1442(6) because they resemble the mark Capna previously registered in Arizona and/or because they are preempted by Capna's federal trademark registration.

## ADDITIONAL DEFENSES

108.   Capna reserves the right to assert additional defenses based on information obtained or learned during discovery.

WHEREFORE, Capna prays for judgment as follows:

a.       that Plaintiff takes nothing by way of its Complaint;

b.      that the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

c.      that Capna be awarded its costs of suit incurred herein, including reasonable attorneys' fees and expenses; and

d.      for such other and further relief as the Court deems just and proper.

### COUNTERCLAIM

Capna Intellectual, Inc., *i.e.*, Capna, as defined above, for its Counterclaim against Bloom Master Fund I, LLC (hereafter, "Counter-Defendant"), alleges as follows:

109.   Capna is the assignee of all rights in Federal Trademark Registration No. 4,490,588—*i.e.*, the Federally Registered Bloom Mark, as that term is defined above.

110.   Capna's Federally Registered Bloom Mark was first used in commerce on October 1, 2012, and the registration issued on March 4, 2014.

111.   All rights in the registration of the Federally Registered Bloom Mark were assigned to Capna on December 21, 2016.

112.   True and correct copies of the federal registration certificate and assignment of all rights in the Federally Registered Bloom Mark are attached hereto as Exhibit 1 and 2, respectively.

113.   Capna has registered its BLOOM Design Mark with the Arizona Secretary of State—i.e., the Registered BLOOM Design Mark, as that term is defined above.

114.   On May 18, 2021, Capna filed its application to register the Registered BLOOM Design Mark, based on a first use of September 14, 2014, and a first use in Arizona of April 28, 2021.

115.   A true and correct copy of the database entry for the Registered BLOOM Design Mark, Arizona registration number 9222730, is attached hereto as Exhibit 3.

116.   Counter-Defendant has admitted, including in its Complaint, using marks similar or identical to Capna's Federally Registered Bloom Mark and Registered BLOOM Design Mark.

### PARTIES, JURISDICTION, AND VENUE

117.   Capna is a corporation organized and existing under the laws of the State of California with its principal place of business located in California.

118.   Counter-Defendant is alleged in its Complaint to be a limited liability company organized and existing under the laws of the State of Delaware and to be operating its business in Arizona.

119.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Capna's Lanham Act claims and federal declaratory judgment claims arise under the Constitution, laws or treaties of the United States, and pursuant to 28 U.S.C. § 1367, as Capna's state law claims are so related to its Lanham Act and federal declaratory judgment claims that they form part of the same case or controversy under Article III of the United States Constitution.

120.   This Court also or alternatively has subject matter jurisdiction over this action pursuant to 28 U.S.C.§ 1332, as the matter in controversy exceeds the sum or

Case No. CV

0005-1030 / 1837081.2

value of $75,000, exclusive of interest and costs, and is between citizens of different States.

121.    This Court has general personal jurisdiction over Counter-Defendant, as it conducts business in Arizona on a substantial or continuous or systematic basis and therefore is present in the state.

122.    This Court also or alternatively has specific jurisdiction over Counter-Defendant as it purposefully availed itself of the privilege of conducting business in Arizona, Capna's claims for relief against Counter-Defendant arise out of relate to Counter-Defendant's contacts with Arizona, and the exercise of jurisdiction over Counter-Defendant is reasonable.

123.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), as Counter-Defendant resides in Arizona within the meaning of the statute and a substantial part of the events or omissions giving rise to Capna's claims for relief against Counter-Defendant occurred, or a substantial part of the property that is the subject matter of this action is situated, in Arizona.

## FIRST CLAIM FOR RELIEF

## (Infringement of Federally Registered Trademark

## in Violation of 15 U.S.C. § 1114)

124.    Capna reasserts and incorporates the allegations of ¶¶ 109 - 123 of its Counterclaim as though fully set forth herein.

125.    Counter-Defendant's acts caused, or are likely to cause, confusion, mistake, or deception because it is likely that the public will mistakenly believe that Counter-Defendant's Products sold using the Bloom Name have their source or

origin with Capna or are in some manner approved by, associated with, sponsored by or connected with Capna, all in violation of 15 U.S.C. §§ 1114 *et. seq.*

126.   On information and belief, Counter-Defendant's actions were undertaken willfully, and with the intent to confuse and deceive the public.

127.   Counter-Defendant's acts have damages, or may damage, Capna's business, reputation, and goodwill, and have interfered, or may interfere, with Capna's use of the Federally Registered Bloom Mark and sale of Capna's Bloom Brand Products and Services.

128.   Counter-Defendants have caused, and unless enjoined will continue to cause, irreparable harm and injury to Capna for which there is no adequate remedy at law.

129.   Pursuant to 15 U.S.C. § 1116, Counter-Defendant should be preliminarily and, upon final hearing permanently, enjoined from using the Bloom Name or variants thereof, or otherwise infringing on Capna trademark rights in the Federally Registered Bloom Mark.

130.   Pursuant to 15 U.S.C. § 1117, Capna is entitled to recover from Counter-Defendants and hereby demands:

(a)   All profits received by Counter-Defendants from its use of the Bloom Name or variants thereof;

(b)   Damages sustained by Capna due to Counter-Defendant's use of the Bloom Name or variants thereof;

(c)     Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and

(d)     All costs of this action, including attorneys' fees.

131.    Pursuant to 15 U.S.C. § 1118, Capna is also entitled to and hereby requests an order from this Court compelling Counter-Defendant to destroy all materials bearing the Bloom Name or variants thereof.

**SECOND CLAIM FOR RELIEF**

**(Federal False Designation of Origin and Representation**

**in Violation of 15 U.S.C. § 1125(a))**

132.    Capna reasserts and incorporates by reference the of allegations of  ¶¶ 109 – 131 of its Counterclaim as though fully set forth herein.

133.    Counter-Defendant's use of the Bloom Name or variants thereof to identify Counter-Defendant's Products sold using the Bloom Name is a false designation of origin that has caused, or is likely to cause, confusion, mistake, and deception as to the affiliation, connection or association between the Products and the goods, services and commercial activities of Capna, all in violation of 15 U.S.C. § 1125(a)(1)(A).

134.    On information and belief, Counter-Defendant has infringed on Capna's trademark rights for Capna's Bloom Brand Products and Services with the intent to: compete against Capna; trade on Capna's reputation and goodwill by causing consumer confusion and mistake; and deceive the public into believing that are associated with, sponsored by, or approved by Capna, when they are not.

135.   On information and belief, Defendant has actual knowledge of Capna's ownership and prior use of the Bloom Name, and, without Capna's consent, has willfully violated 15 U.S.C. § 1125(a).

136.   Defendant's aforementioned acts have irreparably injured Capna in an amount to be determined at trial. Such irreparable injury will continue unless and until Defendants are preliminarily and permanently enjoined by this Court from further violation of Capna's rights, for which Capna has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Infringement of Arizona Registered Trademark)

137.   Capna reasserts and incorporates by reference the allegations of ¶¶ 109 - 136 of this Counterclaim as though fully set forth herein.

138.   The Registered BLOOM Design Mark has exclusively indicated the business of Capna since 2014.

139.   Counter-Defendant's commercial use of its infringing Bloom Name and Logo for cannabis products constitutes the unlawful acts of trademark infringement, initial interest confusion, false advertising, palming off, and/or misappropriation.

140.   Counter-Defendant's commercial use of the infringing Bloom Name and Logo for cannabis products is likely to deceive consumers into believing that Counter-Defendants' product is actually the product that Capna offers for sale.

141.   Counter-Defendant's commercial use of the infringing Bloom Name and Logo for cannabis products is the effective equivalent of making an active misrepresentation as to the source of the product.

Case No. CV

0005-1030 / 1837081.2

142.   Counter-Defendant's commercial use of the infringing Bloom Name and Logo for cannabis products constitutes an attempt to mislead consumers into believing that Counter-Defendants' product is actually the product of its better-known competitor, Capna.

143.   Counter-Defendant's commercial use of the infringing Bloom Name and Logo for cannabis products is an attempt to misappropriate and capitalize upon the goodwill associated with Capna's Registered BLOOM Design Mark for cannabis products.

144.   These facts indicate the existence of marketplace confusion, consumer deception, and the false impression among the public that two competing but identically-named products are in fact the same, or come from the same source, manufacturer, or origin.

145.   Thus, Counter-Defendant's use of the infringing Bloom Name and Logo infringes on Capna's rights and leads to reasonable consumer confusion.

146.   As a direct and proximate result of Counter-Defendant's infringement of Capna's Registered BLOOM Design Mark, use of the Infringing Mark, and unfair competition, Capna has suffered damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

## (Federal Declaratory Judgment of Non-Infringement of Trademarks – 28 U.S.C. §§ 2201, *et seq.*)

147.   Capna repeats and reasserts the allegations of ¶¶ 109 - 146 of this Counterclaim as if fully set forth herein.

0005-1030 / 1837081.2

148.   Counter-Defendant asserts and alleges that use of the BLOOM mark on Capna products sold in Arizona infringes on its purported trademarks in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*., and has brought suit against Capna on this basis.

149.   Capna denies all such assertions and allegations by Counter-Defendant.

150.   An actual, present and justiciable controversy has arisen between Capna and Counter-Defendant concerning Capna's right to use the BLOOM mark on Capna products sold in Arizona.

151.   Capna is entitled to and hereby seeks a federal declaratory judgment from this federal district court that its conduct does not constitute trademark infringement.

## FIFTH CLAIM FOR RELIEF

## (Federal Declaratory Judgment of No Unfair Competition, 28 U.S.C. § 2201, *et seq*.)

152.   Capna repeats and reasserts the allegations of ¶¶ 109 - 151 of this Counterclaim as if fully set forth herein.

153.   Counter-Defendant asserts and alleges that use of the BLOOM mark on Capna products sold in Arizona constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and has brought suit against Capna on this basis.

154.   Capna denies all such assertions and allegations by Counter-Defendant.

155.   An actual, present and justiciable controversy has arisen between Capna and Counter-Defendant concerning Capna's right to use the BLOOM mark on Capna products sold in Arizona.

156.   Capna is entitled to and hereby seeks a federal declaratory judgment from this federal district court that its conduct does not constitute unfair competition under the Lanham Act.

## SIXTH CLAIM FOR RELIEF

## (Federal Declaratory Judgment of Non-Infringement of Registered or Common Law Trademarks under and No Unfair Competition Under Arizona law, 28 U.S.C. § 2201, *et. seq.*)

157.   Capna repeats and reasserts the allegations of ¶¶ 109 - 156 of this Counterclaim as if fully set forth herein.

158.   Counter-Defendant asserts and alleges that use of the BLOOM mark on Capna products sold in Arizona constitutes registered or common law trademark infringement and unfair competition under Arizona law, and has brought suit against Capna on those bases.

159.   Capna denies all such assertions and allegations by Counter-Defendant.

160.   An actual, present and justiciable controversy has arisen between Capna and Counter-Defendant concerning Capna's right to use the BLOOM mark on Capna products sold in Arizona.

0005-1030 / 1837081.2

161.   Capna in entitled to and hereby seeks a federal declaratory judgment from this federal district court that its conduct does not constitute registered or common law trademark infringement or unfair competition under Arizona law.

### PRAYER FOR RELIEF ON COUNTERCLAIM

WHEREFORE, Capna prays for judgment against Counter-Defendant on its Counterclaim as follows:

A.   On the First Claim for Relief, finding Counter-Defendant liable and awarding Capna the full measure of monetary damages, disgorgement of profits, treble or punitive damages, equitable relief including without limitation injunctive relief, attorneys' fees, costs, pre-judgment interest, and any other relief whatsoever, whether or not demanded explicitly in the Counterclaim, to which Capna is lawfully entitled.

B.   On the Second Claim for Relief, finding Counter-Defendant liable and awarding Capna the full measure of monetary damages, disgorgement of profits, treble or punitive damages, equitable relief including without limitation injunctive relief, attorneys' fees, costs, pre-judgment interest, and any other relief whatsoever, whether or not demanded explicitly in the Counterclaim, to which Capna is lawfully entitled.

C.   On the Third Claim for Relief, finding Counter-Defendant liable and awarding Capna the full measure of monetary damages, disgorgement of profits, treble or punitive damages, equitable relief including without limitation injunctive relief, attorneys' fees, costs, pre-judgment interest, and any other relief whatsoever,

Case No. CV

0005-1030 / 1837081.2

whether or not demanded explicitly in the Counterclaim, to which Capna is lawfully entitled.

D.      On the Fourth, Fifth, and Sixth Claims for Relief, entering judgment in accordance with the declaratory relief sought and awarding Capna its costs in this action.

E.      On all Claims for Relief herein, entering such further relief to which Capna may be entitled as a matter of law or equity, or which this Court determines to be just and proper.

RESPECTFULLY SUBMITTED this 30th day of June 2021.

**ZUBER LAWLER LLP**

By: */s/ Robert A. Mandel*

Joshua M. Masur, (Pro Hac Vice)
Brian J. Beck (Pro Hac Vice)
Robert A. Mandel, SBN 022936
2415 E. Camelback Rd., Ste. 700
Phoenix, Arizona  85016
*Counsel for Defendant Capna Intellectual, Inc.*

Case No. CV

0005-1030 / 1837081.2

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jesse R. Callahan, Esq.
Jason M. Covault, Esq.
Michelle L. Mozdzen, Esq.
MAY, POTENZA, BARAN & GILLESPIE, P.C.
201 N. Central Ave., 22nd Floor
Phoenix, Arizona 85004-0608
*Attorneys for Plaintiff Bloom Master Fund I, LLC*

David W. Williams, Esq.
DAVIS MILES MCGUIRE GARDNER
40 E. Rio Salado Parkway, Ste. 425
Tempe, Arizona 85281
*Attorneys for Defendant Tierra Grow Management, LLC*

Dated this 30th day of June 2021.

/s/ Robert A. Mandel
Robert A. Mandel

Case No. CV
CAPNA'S ANSWER AND COUNTERCLAIM
0005-1030 / 1837081.2